GEORGE T. HARRISON v. WILLIAM G. SLOAN.

Decided May 15, 1924.

Pleadings—Motion to Strike Out Complaint, &c.—Action in New York in Which Judgment was Rendered Against Defendant Who Had Not Been Served With Process.

On motion to strike out complaint; and cross-motion to strike out parts of answer.

Before Justice PARKER, at Bergen Circuit.

For the plaintiff, *John Lynn.*

For the defendant, *Oliphant & Mitchell.*

PER CURIAM.

Briefs have been received from both sides in this matter, but on taking up the papers I find no copy of the complaint or answer, and notice of only one motion. But I think it is possible to indicate my views sufficiently to make a practical disposition of the case.

The suit is on a judgment entered in New York State against the defendant, Sloan, and one Grange, as co-partners. I think it appears in the complaint in this cause that process in the New York suit was not served on Sloan but only on Grange, and that under a New York statute similar to that in our Obligations act, the case proceeded to judgment against both. Plaintiff relies on that judgment as entitling him here to summary judgment against Sloan, who answers in effect that he was never subjected to the jurisdiction of the New York court, and hence the New York judgment is of no effect as against him. He also says he was not a partner of Grange at the time that judgment was entered or that suit begun.

The last is immaterial for present purposes. It raises several questions under the law of partnership which cannot be disposed of on such a motion as this, where all the facts do not appear on the record. But the question of jurisdiction is fundamental. I shall not take time in discussing cases, for in my view the rule is clear that the New York judgment, whatever effect it may have on partnership property in that state (and under the New York decisions cited it seems not binding on Sloan's individual property there), is of no value here as establishing a liability of Sloan as judgment debtor or otherwise. Blessing v. McLinden, in this state, and Peernoyer v. Neff, in the federal Supreme Court, serve conclusive on this point.

Hence, the answer so far as it pleads non-service, &c., in New York, is good, and the complaint, if that condition appear on its face, is bad.

So, I think, defendant entitled to a judgment on this record, reserving to plaintiff, if necessary, the right of prosecuting the original claim here *de novo, i. e.,* the claim that was put in judgment in New York divested of the judgment itself.

No doubt counsel can agree in the form of the rule to be entered; if not, I can hear them further in the matter, though I trust it will not be necessary.

Defendant is entitled to costs.